UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANET MARIE BROUSSARD SHIELL,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 14-213 |
| DONALD ROWAN, et al.<br>    Defendants | SECTION "E" |

### ORDER

Before the Court are the following motions: (1) a motion to dismiss filed by Defendant Judge Donald Rowan ("Judge Rowan"),[1] (2) a motion to dismiss filed by Defendants Stone Pigman Walter Wittmann L.L.C., Justin Lemaire, and Jared Davidson (collectively "Stone Pigman"),[2] (3) a motion to dismiss filed by Defendants Llanos Enterprises, LLC, Dr. Raul Llanos, and Mariella Llanos ("the Llanoses"),[3] and (4) a motion to strike Plaintiffs' sur-reply filed by Stone Pigman.[4]

For the reasons that follow, Judge Rowan's motion to dismiss and Stone Pigman's motion to strike Plaintiffs' sur-reply are **GRANTED**.[5] Because the Court grants Plaintiffs leave to file an amended complaint correcting the deficiencies of the claims against all Defendants other than Judge Rowan, the motions to dismiss filed by Stone Pigman and the Llanoses are **DENIED WITHOUT PREJUDICE**.[6]

---

[1] R. Doc. 4.
[2] R. Doc. 10.
[3] R. Doc. 11.
[4] R. Doc. 20.
[5] R. Doc. 4; R. Doc. 20.
[6] R. Doc. 10; R. Doc. 11.

1

## BACKGROUND

The claims in this case are based on events that unfolded during the litigation of an action in state court before Judge Rowan involving a lease dispute between the Llanoses, plaintiffs in the state court action and now Defendants in this case, and Ms. Janet Marie Broussard Shiell ("Ms. Shiell"), a defendant in the state court action and now one of the Plaintiffs in this case.[7] In the state court action, the Llanoses were represented by Defendants Stone Pigman. After the parties agreed to a settlement in the lease dispute, Judge Rowan signed a consent judgment agreed to by the parties. Despite this agreement, Ms. Shiell did not pay the judgment, and the Llanoses, through their attorneys at Stone Pigman, initiated execution efforts. After a judgment debtor examination was recessed due to Ms. Shiell's failure to produce certain documents subpoenaed for production, counsel for both parties agreed Ms. Shiell would produce the documents by a certain date or else be held in contempt of court. This agreement was read into the record, and Ms. Shiell also consented to this agreement on the record.

The parties reconvened, and again Ms. Shiell did not produce the documents that she previously testified existed and that she had been ordered by the Court to produce in connection with the judgment debtor examination. The parties then appeared in open court before Judge Rowan. Ms. Shiell was represented by counsel at that time and also was given the opportunity to address the court directly. The court gave Ms. Shiell

---

[7] Defendants attached various documents to their motions to dismiss, including the consent judgment and transcripts of the proceedings in the state court action. The Fifth Circuit has recognized that when considering a motion to dismiss for failure to state a claim, district courts may examine attachments that are referred to in the complaint and are central to the plaintiff's claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) ("In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."); *Carter v. Target Corp.*, 541 F. App'x 413, 416–17 (5th Cir. 2013) (unpublished) (same). The Court finds the attachments to Defendants' motions may be considered without converting these motions to motions for summary judgment because the documents are referenced in the complaint and are central to Plaintiffs' claims.

another chance to produce the documents by having them faxed to the court. After she failed to do so, Judge Rowan held Ms. Shiell in contempt of court and ordered her jailed until she produced the documents. Judge Rowan stated on the record that he believed her refusal was a dilatory tactic, and he also found it likely she would flee to Canada if not remanded to custody.

Ms. Shiell and her husband, William Shiell, IV, filed this action in federal court against Judge Rowan, Stone Pigman, and the Llanoses claiming the Defendants are liable to them for damages resulting from Ms. Shiell's being held in contempt of court and being jailed for that contempt. They assert claims under § 42 U.S.C. § 1983 and 1985 for civil rights violations and also bring various state law claims. All Defendants have filed motions to dismiss Plaintiffs' claims against them for failure to state a claim and for lack of subject matter jurisdiction.

## STANDARD OF LAW

### A. Dismissal for Lack of Subject-Matter Jurisdiction

Because federal courts are courts of limited jurisdiction, the court must dismiss the action if it finds it lacks subject-matter jurisdiction.[8] The party asserting jurisdiction must carry the burden of proof in response to a Rule 12(b)(1) motion to dismiss.[9] In deciding a motion to dismiss for lack of subject-matter jurisdiction, "the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case."[10] The standard of review for a motion to dismiss under Rule

---

[8] Fed. R. Civ. P. 12(h)(3); *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[9] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).
[10] *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (internal quotation marks and citation omitted).

3

12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6).[11]

## B. Dismissal for Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[12] "Factual allegations must be enough to raise a right to relief above the speculative level."[13] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] However, the court does not accept as true legal conclusions or mere conclusory statements.[16] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[17]

## LAW AND ANALYSIS

## A. Motion to Dismiss by Defendant Judge Donald A. Rowan Jr.

Defendant Judge Donald A. Rowan Jr. seeks dismissal of Plaintiffs' claims against him in both his official and individual capacities.[18] Judge Rowan contends the claims against him in his official capacity are in reality claims against the State of Louisiana. Because sovereign immunity deprives the Court of its ability to hear claims

---

[11] *U.S. v. City of New Orleans*, No. 02–3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003).
[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[13] *Twombly*, 550 U.S. at 555.
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[15] *Id.*
[16] *Id.*
[17] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[18] R. Doc. 4.

against the State, Judge Rowan asserts this Court lacks subject-matter jurisdiction over any such claims. Further, Judge Rowan argues the claims against him in his individual capacity must be dismissed for failure to state a claim because judges are afforded absolute judicial immunity when performing normal judicial functions. Finally, Judge Rowan contends Plaintiffs' claims are barred under *Heck v. Humphrey*.[19]

*1. Claims against Judge Rowan in his official capacity*

Judge Rowan first contends the claims against him in his official capacity must be dismissed because the Eleventh Amendment deprives this Court of jurisdiction over Plaintiffs' claims as the State of Louisiana is the real, substantial party in interest.[20] The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.[21]

The Eleventh Amendment also prohibits suits brought against a state by citizens of that state.[22] This sovereign immunity extends to state agencies and entities deemed an "alter ego" or "arm" of the state.[23] Additionally, "[t]he Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest."[24] However, a suit against the state may be brought in federal court if the state waives its sovereign immunity or if Congress has clearly abrogated sovereign immunity.[25]

"[T]he principle of state-sovereign immunity generally precludes actions against

---

[19] 512 U.S. 477 (1994). *See* R. Doc. 4-1.
[20] *Id.* at pp. 2–3.
[21] U.S. Const. amend. XI.
[22] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).
[23] *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002).
[24] *Halderman*, 465 U.S. at 101 (internal quotation marks and citation omitted).
[25] *Perez*, 307 F.3d at 326.

state officers in their official capacities,"[26] and Congress has not abrogated sovereign immunity for claims arising under 42 U.S.C. § 1983 or § 1985(3).[27] Because state court judges are agents or officers of an "arm" of the state, claims against them are barred by the Eleventh Amendment.[28] Additionally, a judgment against Judge Rowan in his official capacity would be satisfied out of the State Treasury,[29] making the State the real, substantial party in interest. Accordingly, the claims against Judge Rowan in his official capacity are barred by the Eleventh Amendment and must be dismissed without prejudice for lack of subject matter jurisdiction.[30]

2. *Claims against Judge Rowan in his individual capacity*

With respect to the claims against Judge Rowan in his individual capacity, he argues they too must be dismissed because he has absolute judicial immunity. "[T]he [Supreme] Court has described immunity as a threshold question, to be resolved as early in the proceedings as possible."[31] Because absolute judicial immunity is considered "immunity from suit rather than a mere defense to liability," district courts should "resolve the question of absolute immunity before reaching the *Heck* analysis when feasible."[32]

It is well established that "[j]udicial officers are entitled to absolute immunity

---

[26] *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).
[27] *See Inyo County, Cal. v. Paiute–Shoshone Indians of the Bishop Cmty. of the Bishop Colony*, 538 U.S. 701, 709 (2003); *Cerrato v. S.F. Cmty. Coll. Dist.*, 26 F.3d 968, 972, 976 (9th Cir. 1994).
[28] *See, e.g.*, *Allen v. Howard*, No. 13-233, 2014 WL 1330089, at *3 (E.D. La. Apr. 3, 2014) (Barbier, J.); *Wingo v. Lincoln Parish,* No. 12-0500, 2012 WL 1854565, at *5 (W.D. La. May 1, 2012) *report and recommendation adopted*, No. 12-0500, 2012 WL 1854784 (W.D. La. May 21, 2012).
[29] La. Rev. Stat. Ann. 13:5108.1.
[30] The Court notes that, unlike Plaintiffs' claims against the other Defendants, Plaintiffs' claims against Judge Rowan in his official capacity cannot be cured by amending the Complaint. Pursuant to the Eleventh Amendment, this Court lacks jurisdiction to hear claims against arms of the state when the state has not waived sovereign immunity.
[31] *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).
[32] *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("If a defendant is dismissed on absolute immunity grounds, it becomes clear that the § 1983 plaintiff will never have a claim against that defendant based on the particular facts alleged . . . .")).

6

from claims for damages arising out of acts performed in the exercise of their judicial functions."[33] The magnitude of a judge's errors is irrelevant,[34] and absolute immunity applies "even when such acts are . . . alleged to have been done maliciously or corruptly."[35] "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"[36]

Absolute judicial immunity extends to all judicial acts, except for those performed in the clear absence of all jurisdiction.[37] Thus, a judge is entitled to absolute immunity unless (1) the action was taken "outside of his judicial capacity," or (2) if the action is judicial in nature, it occurred "in the complete absence of all jurisdiction."[38] With respect to the matter at hand, the Court must first determine whether Judge Rowan's actions were judicial acts and, if so, whether they fall clearly outside his jurisdiction as a state court judge.[39]

To determine whether an act is "judicial," the Fifth Circuit has relied on the *McAlester* test, which consists of four factors:

> (1) whether the precise act complained of is a normal judicial function;
> (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers;
> (3) whether the controversy centered around a case pending before the court; and
> (4) whether the acts arose directly out of a visit to the judge in his official

---

[33] *Id.*
[34] *Id.*
[35] *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989) (internal quotation marks and citation omitted).
[36] *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).
[37] *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)). The Supreme Court has concluded that § 1983 did not abolish this settled principle of law. *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967).
[38] *See Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).
[39] *See Harper v. Merckle*, 638 F.2d 848, 858 (5th Cir. 1981) (citing *Stump*, 435 U.S. at 359–64).

7

capacity.[40]

The Fifth Circuit has clarified that the courts should always consider the *McAlester* test when determining whether an act is "judicial"; however, the factors "should be broadly construed in favor of immunity . . . and in the light of the policies underlying judicial immunity."[41] Thus, "immunity should not be denied where the denial carries the potential of raising more than a frivolous concern in the mind of some future judge that to take proper action might expose him to personal liability."[42] In some cases, immunity should be afforded even if one or more of the *McAlester* factors is not met.[43]

With respect to the first factor—whether the precise act complained of is a normal judicial function—"the relevant inquiry . . . is to examine the 'nature and function' of the act, not the act itself. The Court is to look to the particular act's relation to a general function normally performed by a judge."[44] The Fifth Circuit has stated that even if a judicial act is "wholly motivated by personal malice," any such motivation "does not in the least turn a judicial act into a nonjudicial act."[45]

Judge Rowan held Ms. Shiell in contempt for her failure to produce certain documents that she testified existed and for her failure to comply with court orders.[46] Holding a person in contempt for failure to act in compliance with a court order is an act normally performed by a judge.[47] Additionally, Ms. Shiell was in open court before Judge Rowan when this occurred, and the controversy centered around a case pending

---

[40] *Adams*, 764 F.2d at 297 (citing *McAlester v. Brown,* 469 F.2d 1280, 1282 (5th Cir. 1972)).
[41] *Id.*
[42] *Id.*
[43] *Malina*, 994 F.2d at 1124.
[44] *Id.* (citation omitted).
[45] *Adams*, 764 F.2d at 297.
[46] *See* R. Doc. 10–15.
[47] *See Malina*, 994 F.2d at 1124–25; *Adams*, 764 F.2d at 298.

8

before the court—a lease dispute involving the Llanoses and Ms. Shiell. Judge Rowan signed a consent judgment between the parties, and the Llanoses through their attorneys at Stone Pigman were forced to initiate execution efforts when Ms. Shiell failed to pay the judgment. After a judgment debtor examination was aborted because Ms. Shiell failed to produce certain documents, the parties appeared before Judge Rowan in open court, where Judge Rowan provided Ms. Shiell an opportunity to address the court and another opportunity to comply with his order before holding Ms. Shiell in contempt. The sanction arose directly out of a visit to Judge Rowan in his official capacity as a state court judge. Applying the *McAlester* factors to this case, Judge Rowan's actions were clearly judicial in nature.

Notwithstanding that Judge Rowan's actions were judicial in nature, they also must not fall outside the scope of his jurisdiction as a state court judge. In this context, the scope of subject-matter jurisdiction is broadly construed, and "[w]here a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes."[48] Thus, even if Judge Rowan acted in excess of his authority, he would still be protected by judicial immunity; he would only lose his immunity if he acted in the clear absence of all jurisdiction.[49] Further, it is his actions alone—not intent—that is to be considered.[50]

Judge Rowan is a state court judge presiding in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. Louisiana law confers jurisdiction upon the state district courts to adjudicate civil matters such as the lease dispute between the Llanoses and Ms. Shiell, and Judge Rowan as a state court judge possesses the power to

---

[48] *Adams*, 764 F.2d at 298; *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).
[49] *Malina*, 994 F.2d at 1125.
[50] *Id.*

9

sanction those before him for failure to comply with his court orders.[51] It is irrelevant whether this Court agrees with the actions taken by Judge Rowan, whether he erred in ordering Ms. Shiell to produce the documents, or whether he did so maliciously. Because Judge Rowan enjoyed at least "some" basis for subject-matter jurisdiction, he retains judicial immunity. "[T]o deny immunity in the present case might create an ambiguity in the law which would pose more than a frivolous threat to disinterested judicial decision-making."[52]

Because Judge Rowan acted in his judicial capacity and was acting within the bounds of his jurisdiction, the claims against him in his individual capacity are dismissed with prejudice for failure to state a claim.[53]

## B. Motion to Dismiss by Defendants Stone Pigman Walther Wittmann L.L.C., Justin Lemaire, and Jared Davidson

Defendants Stone Pigman Walter Wittmann L.L.C., Justin Lemaire, and Jared Davidson seek dismissal of Plaintiffs' claims arguing Plaintiffs have failed to state a claim against them under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).[54] Further, Stone Pigman argues the Court lacks subject-matter jurisdiction over Plaintiffs' state law claims because there are no viable federal claims and there is a lack of complete diversity.[55]

---

[51] La. Code Civ. Proc. art. 191 ("A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law."); La. Code Civ. Proc. art. 226 ("When a contempt of court consists of the omission to perform an act which is yet in the power of the person charged with contempt to perform, he may be imprisoned until he performs it, and in such a case this shall be specified in the court's order.").

[52] *Adams*, 764 F.2d at 299.

[53] The Court notes that, unlike Plaintiffs' claims against the other Defendants, Plaintiffs' claims against Judge Rowan in his individual capacity cannot be cured by amending the Complaint because Judge Rowan has absolute judicial immunity from these claims. As a result of the Court's determination that Judge Rowan is entitled to absolute judicial immunity, the Court need not address Judge Rowan's third argument relating to *Heck v. Humphrey*'s holding.

[54] R. Doc. 10-2 at p. 5.

[55] *Id.*

*1. Claims under 42 U.S.C. § 1983*

"Section 1983 imposes liability for violations of rights protected by the Constitution . . . ."[56] The Fifth Circuit has enunciated the required elements to establish liability under § 1983: "There must be (1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor."[57] Stone Pigman contends Plaintiffs' claim under § 1983 must be dismissed because Stone Pigman, Mr. Lemaire, and Mr. Davidson are not state actors, a requirement for them to be held liable under § 1983. Plaintiffs, however, claim Stone Pigman's actions constitute state action because Stone Pigman, through its attorneys, conspired with a state official—Judge Rowan—making them liable under § 1983.[58]

Stone Pigman is a private law firm, and Lemaire and Davidson are private attorneys who worked at Stone Pigman. Non-governmental entities such as private law firms and individuals such as "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under [§] 1983."[59] Plaintiffs argue an exception to this rule is applicable in this case: private entities and individuals may be held liable under § 1983 if they conspired with a state official, even if that state official is immune from suit.[60]

---

[56] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (internal quotation marks and citation omitted).
[57] *Id.*
[58] Plaintiffs' Complaint alleges Stone Pigman conspired with Judge Rowan "by falsely charging [Ms. Shiell] with contempt and urging the judge to incarcerate her, all the while denying her civil and constitution rights also becoming a state actor in this case, culpable along with the judge. They conspired with the judge to deny [Ms. Shiell] the right to defend herself and took advantage of her age and infirmity. They knew they were acting in concert with the Judge to violate [her] Civil and Constitutional Rights when they requested her incarceration after falsely charging her with contempt and failing to allow her or [her husband's attorney] to defend her." R. Doc. 1 at p. 12.
[59] *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) ("As to the non-governmental defendants, the district court was clearly correct that there is no § 1983 liability because Castro did not plead that any of the non-governmental defendants acted in concert with any governmental entity to deprive him of his rights.").
[60] *Id.*

In order to avoid dismissal for failure to state a claim of conspiracy, Plaintiffs "must plead specific facts, not mere conclusory allegations."[61] In this case, Plaintiffs fail to identify any specific facts to demonstrate Stone Pigman or its attorneys conspired with Judge Rowan to deprive Ms. Shiell of her constitutional rights. Rather, the complaint merely repeats in a conclusory manner that they conspired, without pointing to any specific, supporting factual allegations. Such a general claim unsupported by any facts lacks the requisite specificity to support a conspiracy claim.[62] Further, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."[63] Accordingly, as pleaded, Plaintiffs' Complaint fails to state a § 1983 claim against Stone Pigman, Lemaire, and Davidson.

*2. Claims under 42 U.S.C. § 1985(3)*

Section 1985(3) provides a cause of action "[i]f two or more persons in any State . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."[64] In *Griffin v. Breckenridge*, the Supreme Court held that, unlike § 1983, § 1985(3) has no state action requirement and thus reaches private conspiracies.[65] However, to state a § 1985(3) claim, a plaintiff must assert that the conspirators were motivated by a discriminatory class-based animus.[66]

Plaintiffs in this case make no allegation that Stone Pigman and its attorneys

---

[61] *Id.* (internal quotation marks and citation omitted).
[62] The Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) ("Allegations that are merely conclusory, without reference to specific facts, will not suffice."),
[63] *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).
[64] 42 U.S.C. § 1985.
[65] 403 U.S. 88 (1971).
[66] *Newsome v. EEOC*, 301 F.3d 227, 232 (5th Cir. 2002); *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000); *Bryant v. Military Dep't of Mississippi*, 597 F.3d 678, 687 (5th Cir. 2010).

were motivated by Ms. Shiell's membership in any class when they allegedly conspired with Judge Rowan to deprive her of her civil rights. Because Plaintiffs fail to allege any class-based discriminatory animus, they have failed to plead sufficient facts to support the § 1985(3) claim. Moreover, the operative facts of an alleged conspiracy under § 1985(3) must be pled with specificity; as discussed with respect to the § 1983 claim, conclusory allegations such as those present here are insufficient to state a claim for conspiracy.[67] Accordingly, as pleaded, Plaintiffs' Complaint fails to state a § 1985 claim against Stone Pigman, Lemaire, and Davidson.[68]

## C. Motion to Dismiss by Defendants Llanos Enterprises, LLC, Dr. Raul Llanos, and Mariela Llanos

Defendants Llanos Enterprises, LLC, Dr. Raul Llanos, and Mariela Llanos seek dismissal of Plaintiffs' claims arguing Plaintiffs have failed to state a claim against them under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).[69] Further, the Llanoses argue that because the Court does not have original jurisdiction over any federal claims against the Llanoses, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.[70]

Plaintiffs' claims against the Llanoses fail for a number of reasons. First, Plaintiffs' Complaint fails to make any factual allegations whatsoever with respect to the Llanoses. The only times the Llanoses are mentioned in the Complaint are in the caption, in the list of the parties, and in providing some background about the state

---

[67] *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987).
[68] Because the Court grants Plaintiffs leave to amend their Complaint to cure the pleading deficiencies as to Plaintiffs' federal claims, the Court need not address Defendants' arguments as to whether the Court should exercise supplemental jurisdiction over Plaintiffs' state law claims.
[69] R. Doc. 11.
[70] *Id.*

13

court case before Judge Rowan.[71] Plaintiffs have failed to state any claims against the Llanoses as there are no factual allegations against them in the Complaint. Even if there were, any claims against the Llanoses would nevertheless fail for the same reasons as detailed in the section above addressing Plaintiffs' claims against the Stone Pigman Defendants. There are no allegations that the Llanoses are state actors or that they conspired with a state actor. Further, there are no allegations that they were motivated by a discriminatory class-based animus. Thus, Plaintiffs' Complaint likewise fails to state a claim against the Llanoses under § 1983 or § 1985(3).[72]

**D. Leave to Amend Plaintiffs' Complaint**

Although Plaintiffs have not sought leave to amend their Complaint, the Fifth Circuit has held that courts must "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel."[73] Generally, the appropriate remedy when granting a motion to dismiss for deficient pleadings is to grant the *pro se* litigant an opportunity to amend the complaint before it is dismissed.[74] In this case, Plaintiffs could *potentially* amend their complaint to sufficiently plead claims under § 1983 and § 1985(3) against Defendants Stone Pigman Walther Wittman L.L.C., Justin Lemaire, Jared Davidson, Llanos Enterprises, LLC, Dr. Raul Llanos, and Mariela Llanos. Thus, the Court will grant Plaintiffs ten days from the date of this order to file an amended complaint to properly assert claims

---

[71] *See* R. Doc. 1.
[72] Because the Court grants Plaintiffs leave to amend their Complaint to cure the pleading deficiencies as to Plaintiffs' federal claims, the Court need not address Defendants' arguments as to whether the Court should exercise supplemental jurisdiction over Plaintiffs' state law claims.
[73] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). *See also McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995).
[74] *See Brewster v. Dretke*, 587 F.3d 764, 767–78 (5th Cir. 2009).

14

against these Defendants.[75] If Plaintiffs fail to file an amended complaint within ten days of this order, or if the amended complaint does not include factual allegations sufficient to survive a motion to dismiss, Plaintiffs' federal claims will be dismissed with prejudice and their state law claims dismissed without prejudice.[76]

## CONCLUSION

**IT IS ORDERED** that Defendants Stone Pigman Walther Wittman L.L.C., Justin Lemaire, and Jared Davidson's motion to strike Plaintiffs' Filing of Plaintiffs' sur-reply (R. Doc. 19) is **GRANTED**.[77]

**IT IS FURTHER ORDERED** that Defendant Judge Rowan's motion to dismiss is **GRANTED**.[78] Plaintiffs' claims against Defendant Judge Rowan in his official capacity are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction pursuant to the Eleventh Amendment. Plaintiffs' claims against Judge Rowan in his individual capacity are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Court, rather than dismissing the Complaint as to Defendants Stone Pigman Walther Wittman L.L.C., Justin Lemaire, Jared Davidson, Llanos Enterprises, LLC, Dr. Raul Llanos, and Mariela Llanos, on its own motion, **GRANTS** Plaintiffs leave to file an amended complaint asserting claims against Stone Pigman Walther Wittman L.L.C., Justin Lemaire, Jared Davidson, Llanos Enterprises, LLC, Dr. Raul Llanos, and Mariela Llanos no later than **March 2, 2015 at 5:00 p.m.** Failure to file an amended complaint by this date, or failure to comply with

---

[75] However, the Court notes the briefing in opposition to the motions to dismiss does not appear to point to any material fact that could have been included in the Complaint to cure the pleading deficiencies.
[76] *See McClellon*, 66 F.3d at 103.
[77] R. Doc. 20.
[78] R. Doc. 4.

15

...

the requirements of the Federal Rules of Civil Procedure, will result in dismissal with prejudice of Plaintiffs' federal claims pursuant to Rule 12(b)(6) and dismissal without prejudice of Plaintiffs' state law claims. Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motions to dismiss filed by these Defendants.[79]

New Orleans, Louisiana, this 20th day of February, 2015.

*Susie Morgan*
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[79] R. Doc. 10; R. Doc. 11.